```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-CV-24424-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE
```

JORGE SIS,

    Petitioner,

vs.                                                            REPORT OF
                                                               MAGISTRATE JUDGE

JEFF SESSIONS, ATTORNEY GENERAL
OF THE UNITED STATES, et al.,

    Respondents.
_____/

## I. Introduction

The petitioner, Jorge Sis, while confined at the Krome Service Processing Center, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his continued detention by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE"). (DE#1).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

## II. Factual Background

The petitioner is a native and citizen of Cuba. See (DE# 13, Ex. A, Declaration of Detention and Deportation Officer Manuel Nunez-Belen). Petitioner arrived in the United States during the Mariel Boatlift and was paroled on May 15, 1980. (Id.). On October 17, 1985, Petitioner adjusted his status to lawful permanent resident as of May 15, 1980. (DE# 13, Ex. B, Creation of Record of

Record of Lawful Permanent Residence, Form I-181).

Beginning in 1995, Petitioner amassed a number of convictions that rendered him removable from the United States. (DE# 13, Ex. C, Criminal Records). On October 17, 2002, Petitioner was served with a Notice to Appear ("NTA"), charging him with removal pursuant to 8 U.S.C. §1227(a)(2)(A)(ii), for having been convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (DE# 13, Ex. D, Notice to Appear). On March 18, 2003, an Immigration Judge ordered Petitioner removed from the United States after he failed to appear for his removal hearing. (DE# 13, Ex. E, Removal Order). The removal order has been final since then. See 8 C.F.R. §1241.1(e) (A removal ordered rendered in the alien's absence becomes final immediately upon entry of the order.). On August 13, 2004, Petitioner was issued an Order of Supervision because there was no significant likelihood of removal in the reasonably foreseeable future. (DE# 13, Ex. F, Order of Supervision ("OSUP")).

On January 12, 2017, the United States and Cuba announced a new agreement affecting removals to Cuba (the "January Agreement"). (DE# 13, Ex A, ¶¶9-10). Since the January Agreement, ICE has removed Cuban citizens to Cuba on a routine basis. (Id.:¶11). Thus, pursuant to 8 C.F.R. §241.13(i)(2), Petitioner's OSUP was revoked on June 29, 2017, and he was detained for removal. (DE# 13, Ex. A; DE# 13, Ex. G, Revocation of Release).

On October 2, 2017, Petitioner's custody was reviewed in accordance with 8 C.F.R. §241.4(b)(4). (DE# 13, Ex. A). On October 19, 2017, Petitioner was served with a decision to continue detention pending removal. (DE# 13, Ex. A; DE# 13, Ex. H, Decision to Continue Detention).

On December 22, 2017, ICE presented Petitioner's name to the Cuban Government as a candidate for removal via diplomatic note. The request is pending. (DE# 13, Ex. A, ¶12).

The petitioner filed this application for habeas corpus relief, pursuant to 28 U.S.C. §2241, on **November 8, 2017**.[1] (DE#1).

### III. Discussion

Section 1231(a) of Title 8 of the United States Code directs ICE to detain aliens for removal during the removal period. See 8 U.S.C. §1231(a). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. §1231(a)(1)(B). While 8 U.S.C. §1231(a)(6) authorizes

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). Here, the petition reflects that it was signed, then handed to prison officials for mailing on October 27, 2016. (DE#1:9).

the extension of the removal period, Zadvydas v. Davis, 533 U.S. 678 (2001) provides that ICE may continue to detain an alien under a final order of removal for an additional three months—a presumptively reasonable detention period of 180 days. See Zadvydas, 533 U.S. at 701. Zadvydas further held that after the conclusion of this 180-day removal period, an alien in ICE custody may challenge his continued detention in habeas corpus proceedings on the ground that there is no significant likelihood that his removal will occur in the reasonably foreseeable future. See id.

Petitioner is subject to a final order of removal and therefore subject to detention under 8 U.S.C. §1231. Specifically, Petitioner is detained pursuant to 8 C.F.R. §241.13(i)(2), as a result of the revocation of the Order of Supervision. Section 241.13(i)(2) provides:

> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (sic)(h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.

In this case, ICE has determined that pursuant to the January Agreement between Cuba and the United States and the increase in removals to Cuba, changed circumstances exist establishing that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. See (DE# 13, Ex. A, ¶¶9-13).

Petitioner has failed to meet his burden that removal will not occur in the reasonably foreseeable future. Under 8 U.S.C.

§1231(a), the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal. See INA §241(a)(1)(A)-(B); 8 U.S.C. §1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated the detention of the alien ordered removed. See INA 241(a)(2); 8 U.S.C. §1231(a)(2). However, the 90-day removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. §1231(a)(1)(C).

Assuming petitioner is seeking release from an unlawful and indefinite period of detention, in accordance with Zadvydas, this Court has jurisdiction over the §2241 petition. In Zadvydas v. Davis, the Supreme Court found that §241(a) of the INA authorized indefinite detention of a removable alien beyond the mandated 90-day removal period, was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." Id. at 689, 121 S.Ct. at 2498. The Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699, 121 S.Ct. at 2503.

For the sake of uniform administration by the federal courts, the Zadvydas Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005)(quoting Zadvydas, 533 U.S. at 701, 121 S.Ct. at

5

2505).

In Clark v. Martinez, supra, the Court extended its interpretation of 8 U.S.C. §1231(a)(6) to inadmissible aliens, concluding that there was no reason why the period of time reasonably necessary to effect removal would be longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. Thus, the Court held that the 6-month presumptive detention period prescribed in Zadvydas, should be applicable. Id.

Consequently, as found correctly by the Eleventh Circuit Court of Appeals, in order to grant the petitioner the relief requested herein, under Zadvydas and Clark, the petitioner must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the §2241 petition was filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Gozo v. Napolitano, 309 Fed.Appx. 344, 346 (11th Cir. 2009)(internal quotation marks and citation omitted); see also, Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005)(relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of §1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future."); see also, Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002). In Akinwale, the petitioner was taken into custody by immigration officials following release from incarceration. Akinwale, 287 F.3d at 1051. The Eleventh Circuit held that a 4-month period of detention was not "prolonged" under Zadvydas, and further found that petitioner had not shown the unlikeliness of his removal in the foreseeable future. Id. at 1051-52.

6

More importantly, the petitioner bears the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491; see also, Akinwale, 287 F.3d at 1052 (recognizing that "the alien ... must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Here, Petitioner's OSUP was revoked on **June 29, 2017,** and he was detained for removal. (DE# 13, Ex. A; DE# 13, Ex. G, Revocation of Release). Thus, the 6-month presumptive removal period ended at the latest on December 29, 2017, after the filing of this federal habeas petition on **November 8, 2017.** Therefore, at the time of filing, petitioner had not been in ICE custody for more than six months.

Given the procedural posture referenced above, even if this Court were to find that petitioner has satisfied the first prong of Zadvydas (*i.e.*, detention beyond the six-month removal period), the petitioner has nevertheless failed to satisfy the second prong. In other words, the petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. See Akinwale, 287 F.3d at 1052. On December 22, 2017, ICE presented Petitioner's name to the Cuban Government as a candidate for removal via diplomatic note. The request is pending. See (DE# 13, Ex. A, ¶12).

Consequently, petitioner has not made demonstrated a valid Zadvydas claim, in that he has not shown his removal from the United States is not reasonably foreseeable in the near future. Petitioner's self-serving allegations here are wholly conclusory without any evidence or substantiation in the record. The

7

statements, therefore, do not require consideration by this Court let alone entitle petitioner to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001)(vague, conclusory allegations in a §2255 motion are insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)).

In sum, petitioner has failed to present any facts or arguments entitling him to relief from this Court in this habeas corpus proceeding. More specifically, he has not shown facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. Accordingly, dismissal of the instant petition is warranted. Because circumstances may ultimately change in petitioner's situation, the dismissal should be without prejudicing petitioner's ability to file a new §2241 petition in the future that may seek to state a claim upon which habeas relief can be granted. See Akinwale, 287 F.3d at 1052.

### III. Conclusion

It is therefore recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 be dismissed without prejudice to petitioner's right to file a future petition if circumstances change.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 29th day of January, 2018.

                                        UNITED STATES MAGISTRATE JUDGE

cc:   Jorge Sis, <u>Pro Se</u>
      A022774625
      Krome Service Processing Center
      Inmate Mail/Parcels
      18201 SW 12th Street
      Miami, FL 33194

      John C. Spaccarotella
      United States Attorney
      99 N.E. 4th Street
      Miami, FL 33132
      305.961.9212
      Email: john.spaccarotella@usdoj.gov